**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**SEAN L. GIST,**

**Defendant.**

**NO. 5:26-CR-00093-KKC-MAS-1**

**MEMORANDUM OPINION & ORDER,**

Sean Gist ("Gist") is before the Court on an Indictment alleging conspiracy to distribute fentanyl, three counts of distribution of a mixture containing fentanyl and possession with intent to distribute 40 grams or more of a mixture containing fentanyl. [DE 1]. At the initial appearance, the United States moved for pretrial detention pursuant to 18 U.S.C. § 3142(f)(1)(B) and (C). [DE 17]. The Court conducted a detention hearing on September 28, 2026. Considering the record, including testimony, proffer, the Pretrial Services Report ("PSR"), and arguments, the Court finds that Gist must be detained in accordance with the Bail Reform Act ("BRA").

## I. LEGAL STANDARD

The Court afforded both sides all procedural rights outlined in the BRA. A detention presumption arises under the BRA as to both nonappearance and danger risk because of the nature of the charges. 18 U.S.C. § 3142(e)(3)(A). The BRA and *United States v. Stone*, 608 F.3d 939, 945–46 (6th Cir. 2010), frame the resulting

inquiry. The presumption imposes on the defendant a threshold "burden of production"; in response, "he must introduce at least some evidence" that he poses neither a nonappearance nor a danger risk. *Stone*, 608 F.3d at 945; *see also United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986) (imposing a responsive burden on the defendant to produce "some evidence that he will not flee or endanger the community if released"); *United States v. Hernandez*, No. 1:02-CR-006, 2002 WL 1377911, at *2 (E.D. Tenn. Feb. 27, 2002) (requiring the defendant to "produc[e] probative, credible evidence to rebut the presumption and support his contention that he will appear . . . and [that] he does not pose a danger"). The production burden "is not heavy," and the Government retains the ultimate burden of persuasion. *Stone*, 608 F.3d at 945. An unrebutted presumption requires detention. A rebutted presumption remains a pro-detention statutory factor. *See id.* ("The presumption remains as a factor because it . . . reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial.").

Detention premised on nonappearance requires preponderant evidence. *See, e.g.*, *United States v. Patriarca*, 948 F.2d 789, 793 (1st Cir. 1991); *United States v. Curry*, No. 6:06-CR-82-DCR, 2006 WL 2037406, at *6 (E.D. Ky. Jul. 18, 2006). Danger-based detention, however, demands clear and convincing evidence that no combination of conditions will reasonably ensure community safety. 18 U.S.C. § 3142(f). The analyses are distinct. Conditions that sufficiently target nonappearance risk may not adequately address danger potential. *See United States v. Mercedes*, 254 F.3d 433, 436-37 (2nd Cir. 2001). Further, condition effectiveness inherently

hinges on a defendant's predicted good faith compliance. *See United States v. Tortora*, 922 F.2d 880, 887 (1st Cir. 1990) (characterizing predicted compliance as critical release component); *United States v. Hir*, 517 F.3d 1081, 1092 (9th Cir. 2008) (noting the "critical flaw" in a set of proposed release conditions: "In order to be effective, they depend on [the defendant's] good faith compliance."); *id.* at 1093 n.13 (observing that, barring a "replica detention facilit[y]," the success of any condition combination necessarily "hinge[s] on [the defendant's] good faith compliance").

Evidence rules do not apply in the detention hearing context. 18 U.S.C. § 3142(f). The key is simply evidentiary reliability and accuracy. *See, e.g.*, *United States v. Webb*, 149 F.3d 1185 (Table), No. 98-1291, 1998 WL 381686, at *1 (6th Cir. June 22, 1998). Given the hearing's informality, the Court properly considers a wide range of proof. The nature and quality of proof, though, impacts its probative value and weight in the detention calculus. The Court finds, based on a full analysis of the record and the mandatory factors under the BRA, that the detention of Gist is warranted. While the Court finds Gist is not a risk for nonappearance, his release poses a significant danger to the community.

## II. ANALYSIS

### A. RISK OF NONAPPEARANCE

Under the relevant standards discussed above, the Court finds that Gist offered sufficient, credible evidence to overcome his burden of production as to risk of non-appearance. Gist offered a factual proffer and pointed to the facts in the PSR. The evidence indicated that Gist had a place to stay with a cousin by marriage and possible employment. [R. 0:45-2:05]. Further, Gist has the support of his family,

including his mother and brother. [R. 1:15-2:05]. Familial support, possible employment, and prior successful probation indicate Gist is likely to appear with minimal risk of flight. Thus, Gist met his initial burden. *See United States v. Hernandez*, No. 1:02-CR-006, 2002 WL 1377911, at *2 (E.D. Tenn. Feb. 27, 2002) (requiring "probative, credible evidence to rebut the presumption"); 18 U.S.C. § 3142(g)(3) (considering one's family ties, community ties, past conduct, and employment when determining BRA release).

The United States provided little evidence to suggest that Gist posed a risk of flight. For example, the United States cited Gist's previous supervised release violation, but that violation did not result in revocation [PSR, p. 7-9]. Likewise, the failure to appear on his record is related to traffic offense, which is less consequential in a flight analysis compared to a failure to appear in a felony case. *See* Pretrial Services Report at page 12; *United States v. Munoz-Hernandez*, No. CR 12-0128 JB, 2012 WL 5476892, at *11 (D. N.M. Nov. 5, 2012) ("The Court can see that it may be more likely that a defendant would forget about a court date for a traffic violation than for a felony charge, for which the defendant faces a minimum of ten years' imprisonment."); *see* 18 U.S.C. § 3142(g)(3) (listing record concerning appearance at court proceedings as relevant for BRA analysis). The Government also cited Gist's prior record of fleeing arrest, but Gist's only record of fleeing arrest occurred over a decade ago in 2013 and was dismissed. [PSR, p. 7].

Ultimately, the Court feels that the relatively minor violations and the decade old fleeing arrest charge are insufficient to deem someone a risk of nonappearance.

Thus, the Court finds that the United States failed in establishing Gist is a flight risk by a preponderance of the evidence.

## B. Gist's Danger to the Community

The § 3142(g) factors drive the analysis. Specifically, the Court must consider the history and characteristics of the defendant, the nature and circumstances of the offense charged, the weight of the evidence against the person, and the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *See* 18 U.S.C. § 3142(g).

Gist argued that a variety of conditions, including GPS monitoring, employment, home incarceration, and a third-party custodian sufficiently reduced his risk to the community. [R. 2:08-2:28]. While the Court found that these conditions were sufficient to over Gist's presumption, the Court finds that the government has met its burden.

### 1. Gist' History and Characteristics

The Court must consider many aspects of Gist's background in making the decision to release or detain him. Specifically, the BRA requires courts to "take into account the available information concerning" [ ... ] the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and whether, at the time of the current offense or arrest, the person was on probation[.]" 18 U.S.C. § 3142(g)(3).

Gist has a significant criminal history indicating escalation, including one prior federal drug conviction and several state drug related charges. [PSR, p. 3-12]. Further, while some are remote in time, Gist has violated terms of release and state probation. [PSR, p. 4-12]. Gist also indicated substance use disorder issues. [PSR, p. 4]. These facts indicate a pattern of conduct favoring detention.

Gist has no recent employment history but suggested a possible job at Big Lots or a local food truck. [PSR, p. 2]. Gist's last employment was a factory job in 2022 when he was residing in Detroit, MI. [PSR, p. 2]. Gist's connection to the Eastern District of Kentucky seems to be related to criminal activity and criminal associations. While Gist was mostly successful on release, that success occurred in Detroit, MI. Gist's lack of recent employment history, especially in Kentucky, combined with his criminal record, favors detention. *See United States v. Stidham*, No. 3:10-CR-79, 2010 WL 2639925, at *3 (E.D. Tenn. June 25, 2010) (finding that a defendant's long unemployment favors detention).

**2. <u>The Nature and Circumstances of the Offense Charged</u>**

The BRA requires Courts to consider the "nature and circumstances of the offense charged, including whether the offense is a crime of violence[.]" 18 U.S.C. § 3142(g)(1). The allegations before the Court, involving a controlled substance, are distinguished in the BRA for their inherent danger and carry a presumption of detention. 18 U.S.C. § 3142(g)(1). Although the Court has found that Gist rebutted the presumption that attaches to these types of allegations, "[t]he presumption in favor of detention does not vanish simply because a defendant comes forward with evidence to rebut it. Were the presumption to vanish, 'courts would be giving too

little deference to Congress' findings regarding this class.'" *United States v. Lattner*, 23 Fed. App'x. 363, 364, (6th Cir. 2001) (citing *United States v. Martir*, F.2d 1141, 1144 (2d. Cir. 1986)).

The government alleged that over 130 grams of a substance containing fentanyl, 300,000 fentanyl pills, and several firearms were located. [R. 12:05-12:15; 13:55-14:10; 14:40-14:50; 15:57-16:10]. This indicates significant danger and a serious offense.

Defense counsel argued that police were aware of alleged activity and did not consider Gist a threat to the community. [R. 27:58-28:40]. Further, that Gist was never located with a firearm. [R. 28:40-29:05]. While Gist was not arrested until further investigation, the Court finds the controlled buys directly related to Gist and his associates compelling.

Congress has assigned a special category of presumed detention to these types of crimes, reflecting the seriousness of the danger they pose to the community. Additionally, the significant amounts of fentanyl indicate a serious offense favoring detention.

**3. <u>The Weight of the Evidence of Dangerousness</u>**

In weighing the strength of the evidence, the district court may not modify or limit the defendant's presumption of innocence. 18 U.S.C. § 3142(g). "[T]he § 3142(g) analysis is concerned with a practical assessment of the defendant's dangerousness, rather than an adjudication of guilt for a particular offense." *United States v. Tolbert*, 2017 WL 6003075, at *5 (E.D. Tenn. Dec. 4, 2017) (citing *Stone*, 608 F.3d at 948). This BRA factor is somewhat duplicative of § 3142(g)(1) and (3) because in

considering a defendant's overall dangerousness, the Court must consider the facts of the crime alleged as well as evidence that the defendant has been dangerous in the past, such as criminal history and a history of violent behavior.

Gist has been trafficking narcotics for over a decade. [PSR, p. 4-12]. He has one prior drug related federal conviction for Conspiracy to Distribute 100 Grams or More of Heroin and several state drug related charges. [PSR, p. 7]. While on release from his federal drug conviction, Gist violated his supervised release conditions. [PSR, p. 7-9]. Gist's criminal history indicates a persistent and consistent pattern of criminal conduct for over a decade. The weight of the evidence regarding his danger is heavy.

**4. The Nature and Seriousness of Danger Posed by Release**

The Court must weigh "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(4).

Gist suggested conditions that could mitigate the risk of danger to the community, such as a third-party custodian, GPS location monitoring, home incarceration, and employment as a condition of release. [R. 2:08-2:28].

However, the proposed conditions are insufficient. While Gist was able to offer an address to reside, the Court could not verify if this residence would be suitable for release. The defense also proposed Detroit, MI as a possible address. [R. 1:15-2:05]. However, the defendant has a significant history of criminal activity in Detroit. [Pretrial Services Report at page 4-12].

In drafting the BRA, Congress determined that "drug offenders pose a special risk of flight and dangerousness to society." *United States v. Hare*, 873 F.2d 796, 798-

99 (5th Cir. 1989). Specifically, "the risk of continued narcotics trafficking on bail constitutes a risk to the community." *Id.* A third-party custodian cannot prevent narcotics trafficking. Likewise, GPS monitoring cannot prevent a defendant from distributing narcotics from within the home. The Court notes that Gist has a pattern of reverting to criminal activity once supervision is completed. This, combined with his escalating criminal history, indicates that conditions are insufficient. The Court has no comfort that any condition of release will deter Gist from continuing to traffic narcotics.

## III. CONCLUSION

For the above-stated reasons, the Court finds the United States failed to prove by a preponderance of the evidence that Gist poses a risk of nonappearance but proved by clear and convincing evidence that Gist is an irremediable danger to the community and the Bail Reform Act mandates detention.

The Court has assessed the record, contemplated the risks, evaluated conditions, and determined that no conditions exist that can reasonably assure Gist will not pose a danger to another or the community. Accordingly, the Court **GRANTS** the United States' oral motion for detention and **DETAINS** Defendant Gist.

The parties may appeal this Order under the terms of 18 U.S.C. § 3145(a).

Signed this the October 5th, 2026.

MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY